Hon. Joseph J. Cassata, Jr. Tonawanda City Attorney
You have written to us with the following opinion requests:
 "1. Whether a conflict of interest exists when an individual holds simultaneously the dual positions of elected City Judge and politically appointed Urban Renewal Attorney for the same City.
 "2. Whether it is a conflict of interest for an Urban Renewal Attorney to purchase directly and/or indirectly real property that is located in and/or adjacent to the immediate areas of developments that his Urban Renewal Agency is charged with and in the process of developing."
You have stated to us that the purchases contemplated in question 2 apparently consist of purchases by the City of Tonawanda Urban Renewal Agency Attorney (hereinafter "Attorney") or by a corporation which is reputedly owned and/or operated by the wife of the Attorney.
The City of Tonawanda Urban Renewal Agency (hereinafter "Agency") was created by General Municipal Law § 592 which states that the Agency is established to accomplish any or all of the purposes specified in Articles 15 and 15-A of the General Municipal Law and to have the powers and duties provided by Article 15-A which shall govern all aspects of its existence and operation. In that Article, section 553 subdivision 4 provides that in the event an officer or employee of the municipality (here, the City of Tonawanda) shall be appointed as a member of an agency (here, the Agency), this shall not be deemed a forfeiture of municipal office or employment or incompatible therewith or affect job tenure or compensation in any way. The Agency member, a policy maker, having statutory authority to be a City officer or employee, there is no reason why an Agency employee, the Attorney, may not be a City officer.
In our opinion, one person simultaneously may hold the positions of Tonawanda City Judge and Attorney for the City of Tonawanda Urban Renewal Agency.
General Municipal Law Article 18 (§§ 800-809 inclusive) deals with conflicts of interest of municipal officers and employees. Section 800 subdivision 2 defines "contract"; subdivision 3 defines "interest" in a contract and provides that for purposes of the Article, a municipal officer or employee shall be deemed to have an interest in the contract of his spouse; subdivision 4, for the purposes of the Article, defines "municipality" to include an Urban Renewal Agency. Section 801 provides that no officer or employee shall have an interest, direct or indirect, in any contract with the municipality of which he is an officer or employee if, as such, he has the power or duty (amongst other things) to prepare, authorize or approve the contract. Section 802 contains some exceptions to the general prohibitions contained in section 801. They do not appear to apply in this case.
In our opinion, there would be a conflict of interest if the Attorney directly or indirectly by means of a corporation owned and/or operated by a spouse purchases property from the Agency.
In instances where purchases are made from third persons, the desirability of which was or could have been based upon information acquired by the Attorney in his professional capacity, the question of conflict of interest relates to professional ethical considerations as does the question of whether the Attorney might be able to influence decisions of the Agency in relation to property owned by the Attorney or the Attorney's spouse or a corporation owned and/or operated by either or both of them. These questions should be addressed to the New York State Bar Association Committee on Professional Ethics, 1 Elk Street, Albany, New York 12207.